UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:23-cv-00110

BERNNY SANTILLAN,

Plaintiff

v.

WINDING CYPRESS HOMEOWNERS' ASSOCIATIONS, INC.,

Defendant.

## COMPLAINT

The Plaintiff, BERNNY SANTILLAN, by and through the undersigned counsel sues the Defendant, WINDING CYPRESS HOMEOWNERS' ASSOCIATION, INC. and alleges:

### JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C., § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

2. Venue is proper in the United Stated District Court for the Middle District of Florida, Fort Myers Division, because Defendant conducts business in the District, Defendant is incorporated and has its principle executive offices in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in the District.

### PARTIES

3. Plaintiff, Bernny Santillan, is a resident of Collier County, Florida.

4. Defendant, Winding Cypress Homeowners' Association, is a Florida not-for-profit corporation with its headquarters in Collier County, Florida.

5. Defendant, Winding Cypress Homeowners' Association was incorporated for the purpose of operating a residential community known as Winding Cypress located in Collier County, Florida.

6. The Shady Palm Café is a restaurant owed and operated by Defendant, Winding Cypress Homeowners' Association, and is located within the Winding Cypress community in Collier County, Florida.

## FACTS

7. Plaintiff was employed by Defendant and worked as a bartender/server at Defendant's restaurant, the Shady Palm Café, in Collier County, Florida from mid-2018 to March 10, 2022.

8. He was an hourly, non-exempt employee and his regular pay rate was $15.00 per hour.

9. Between February 19, 2020, and March 10, 2022, Plaintiff worked more than forty hours per week on several occasions.

10. Defendant failed to compensate Plaintiff for hours worked in excess of forty (40) hour per week at a rate of one and one half times his regular salary.

11. Defendant frequently and purposefully failed to maintain a fixed and regularly recurring workweek of 168 hours, or seven consecutive 24-hour periods, as required by 29 CFR § 778.105.

12. Instead, Defendant's work weeks began on varying days of the week and often contained a varying and inconsistent number of days.

13. Defendant routinely and purposely failed to maintain records of the date and time of the week when Plaintiff's workweek began, the hours he worked each day, and the total hours worked by Plaintiff each workweek.

14. Instead, Defendant's employees were instructed to sign in and out daily on handwritten sheets.  These sheets were destroyed by the Defendant soon thereafter.

15. Plaintiff has sustained substantial losses caused by Defendant's failure to pay him for all overtime hours worked.

### COUNT I – FLSA OVERTIME VIOLATIONS
### 29 U.S.C. §§ 201, ET SEQ.

16. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

17. Plaintiff worked in excess of forty (40) hours per week during the period of February 19, 2020 through March 10, 2022.

18. Defendant failed to pay Plaintiff at one and one half times his regular rate for hours worked in excess of forty (40) per week.

19. Defendant's violation of the FLSA is willful because Defendant:

   a. routinely and purposefully failed to maintain a fixed and regularly recurring workweek of 168 hours, or seven consecutive 24-hour periods as required by 29 CFR § 778.105, and/or

   b. repeatedly and purposefully failed to make, keep, and preserve accurate records as required by the FLSA with respect to Plaintiff,

        including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiff.

17. By purposefully failing to maintain a fixed and regularly recurring workweek and/or purposefully failing to maintain accurate records, Defendant either knew its conduct was in violation of the FLSA or showed reckless disregard for whether its conduct violated the FLSA.

18. Because Defendant committed a willful violation of the FLSA, the statute of limitations for Defendant's violation is three years pursuant to 29 U.S.C. § 255(a).

19. Thus, Plaintiff is entitled to damages for all overtime hours worked from February 19, 2020 to March 10, 2020.

## PRAYER FOR RELIEF

20. WHEREFORE, Plaintiff prays for relief as follows:

    a. An award of damages in the amount of his unpaid overtime compensation;

    b. Liquated (double damages) as provide by the FLSA for overtime violations;

    c. Attorneys' fees;

    d. Costs of action incurred herein, including expert fees;

    e. Pre-judgment and post-judgment interest as provided by law;

    f. A declaratory judgment that the practices complained of herein are unlawful under the FLSA; and

g. A declaratory judgment that Defendant's violations of the FLSA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: February 19, 2023

                Respectfully submitted,

                **THE MOSELY FIRM, P.A.**
                1806 N. Flamingo Road
                Suite 345
                Pembroke Pines, FL 33028
                Phone: (954) 902-4458

                By: s/ Joni Mosely
                JONI MOSELY, ESQ.
                Fla. Bar No.:  668974
                E-Mail: joni@themoselyfirm.com
                Attorney for Plaintiff