UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BERNNY SANTILLAN,

Plaintiff,

v.                                                                        CASE NO.: 2:23-cv-00110

WINDING CYPRESS HOMEOWNERS'
ASSOCIATIONS, INC.,

Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Berrny Santillan ("Plaintiff"), and Defendant, Winding Cypress Homeowners' Associations, Inc. (referred to as "Defendant" and, when referred to with Plaintiff, as the "Parties"), through their undersigned counsel, jointly move the Court to approve the settlement reached by the Parties and to dismiss the instant action with prejudice. In support of their Motion, the Parties state as follows:

### BACKGROUND

On February 19, 2023, Plaintiff filed a one-count Complaint against Winding Cypress Homeowners' Associations, Inc. alleging claims for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). Defendant disputes Plaintiff's claims, asserting that it properly paid Plaintiff all overtime.

1

The Parties have now negotiated and agreed on a settlement of this matter under the terms set out in a Settlement Agreement and Release of FLSA Claims (the "Agreement"), a copy of which is attached as **Exhibit A**.

The Agreement provides that Defendant will pay Plaintiff a total gross sum of $7,250, consisting of the following payments:

- $1,231.88, for alleged unpaid overtime and minimum wage;
- $1,231.88, for alleged liquidated damages; and
- $4,786.24, made payable to The Mosely Firm, as attorneys' fees and costs.

As described more fully below, the Parties agree this is a fair and reasonable settlement of a bona fide dispute. Thus, the Parties respectfully request that the Court approve this settlement and dismiss this case with prejudice.

## MEMORANDUM OF LAW

### A. Legal Standard

This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Department of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement,

the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *3-4 (M.D. Fla. Jan. 8, 2007); *see also Hill v. Florida Industrial Elec., Inc.*, No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *7-8 (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enters., Inc., et al.*, No. 6:05-cv-1247-Orl-JGG, 2006 U.S. Dist. LEXIS 22066, at *4-5 (M.D. Fla. Apr. 12, 2006). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d

1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit "favor[s] and encourage[s] settlements in order to conserve judicial resources."). As detailed below, examination of each of these factors shows that the terms of the Agreement are fair and reasonable, and should be approved by the Court.

**B.      The Relevant Criteria Support Final Approval of the Settlement.**

**1.  There is no fraud or collusion behind the settlement.**

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *10-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiff was represented by Joni Mosely, Esq. of The Mosley Firm. Defendant was represented by Amy K. Recla, Esq., of Jackson Lewis P.C. All counsel involved have experience litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent their clients' rights.

Additionally, the Parties reached their settlement after an exchange of information and arm's length negotiations.

As discussed further below, the amounts to be paid to Plaintiff and her counsel are fair in light of the dispute over the merits of Plaintiff's claims, and the expense and uncertainty of continuing to litigate this action.

4

2. **The complexity, expense, and duration of future litigation support the reasonableness of this settlement.**

The Parties continue to disagree over the merits of Plaintiff's claims. Plaintiff contends that Defendant failed to pay him all overtime for the weeks he worked in excess of forty (40) hours. Defendant adamantly denies Plaintiff's claims. Defendant asserts it properly paid Plaintiff for all hours worked. As such, Defendant argues that these are threshold issues which Plaintiff cannot meet and therefore, Plaintiff is not entitled to recover from them any alleged overtime wages, or any other damages which he seeks in this action. If this case is litigated further, Plaintiff will bear the burden of proving that he was not properly compensated.

Should this matter proceed, the Parties will bear substantial expenses litigating these disputed issues. Notably, the Parties reached this settlement before depositions were taken, and before any discovery was conducted, thereby saving both Parties the costs associated with discovery and depositions. Thus, continued litigation will entail significant expenses arising from depositions, written discovery and summary judgment briefing on numerous disputed legal issues for Plaintiff's cause of action. This settlement, therefore, is a fair and reasonable means for the Parties to minimize future risks and litigation costs.

3. **There has been sufficient investigation and exchange of information to allow the Parties to make educated and informed decisions.**

Next, the Court should consider the stage of the proceedings and the amount

of discovery completed. As explained above, the Parties have exchanged no written discovery and documents regarding Plaintiff's alleged hours, compensation, employment status and termination. In agreeing to the proposed settlement, the Parties exchanged sufficient information to allow them to make an educated and informed analysis and conclusion.

    **4. Plaintiff's probability of success on the merits is uncertain.**

Plaintiff's probability of success on the merits is also uncertain, further suggesting that this settlement is fair and appropriate. According to Plaintiff, he was not paid all overtime he was due for those weeks where he worked in excess of forty (40) hours. Meanwhile, Defendant contends that it properly paid Plaintiff for all hours he worked.

    **5. Plaintiff's range of possible recovery is uncertain.**

Even if Plaintiff prevails on the merits of his claims, his range of possible recovery is uncertain. As discussed above, the Parties disagree over basic factual allegations, including the amount Plaintiff is entitled to recover, if any. Given the disagreements over the number of hours Plaintiff allegedly worked the range of possible recovery by Plaintiff is wide and Plaintiff risks recovering nothing should Defendant prevail on its affirmative defenses. In light of the uncertainty of the amounts, if any, Plaintiff would recover if he were to continue litigating his claims, the Court should find that the settlement is fair and reasonable.

> **6. The Parties weighed the opinions of their counsel in deciding whether to settle.**

Finally, the Parties were represented by counsel who have experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle. Accordingly, the Court should find that the settlement is a fair and reasonable resolution of a bona fide dispute.

### C. The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.

Contrary to collective FLSA actions, "[t]he FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action." *Helms*, 2006 U.S. Dist. LEXIS 92994, at *7. In an individual action, where the amount of attorneys' fees appears reasonable in comparison to the amount of the plaintiff's recovery, and the parties agree that the settlement is otherwise fair and reasonable, judicial scrutiny of the stipulated amount of attorneys' fees is not necessary. *See id.* at *11-12 ("Comparing the amount of the Plaintiff's recovery to amount of fees and costs to be paid, the amount to be paid to Plaintiff's counsel as attorney's fees and costs is also reasonable. Both parties urge this Court to approve the Settlement Agreement. The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorney's fees and costs.").

Here, the Agreement provides that Defendant will pay Plaintiff a total gross

sum of $7,250 in three separate allocations: (1) $1,231.88 for alleged unpaid overtime and minimum wage; (2) $1,231.88 for alleged liquidated damages; and (3) $4,786.24 to Plaintiff's counsel, as attorneys' fees and costs. The Parties agree this is a fair and reasonable settlement of a bona fide dispute. The Court should therefore find that the attorneys' fees and costs stipulated to by the Parties are fair and reasonable.

## CONCLUSION

As demonstrated above, the settlement terms are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court (i) grant this Motion; (ii) approve the settlement outlined in this Motion and the attached Settlement Agreement; (iii) dismiss this case with prejudice; and (iv) grant such further relief as the Court deems appropriate.

DATED this 18th day of May, 2023.

Respectfully submitted by:

| THE MOSELY FIRM, P.A. | JACKSON LEWIS P.C. |
|---|---|
| */s/ Joni Mosely* | */s/ Amy K. Recla* |
| Joni Mosely | Amy K. Recla |
| Florida Bar No.: 668974 | LEAD COUNSEL |
| The Mosley Firm, P.A. | Florida Bar No. 102811 |
| 1806 N Flamingo Rd. Ste. 345 | 100 S. Ashley Drive, Ste. 2200 |
| Pembroke Pines, Florida 33028 | Tampa, Florida 33602 |
| joni@themoselyfirm.com | Amy.Recla@jacksonlewis.com |
| | Denise.Dawson@jacksonlewis.com |
| *Counsel for Plaintiff* | *Attorney for Defendant* |